PER CURIAM
*350 Defendant appeals a judgment of conviction for possession of methamphetamine. Defendant argues that the trial court erred in denying her motion to suppress evidence obtained in a jailhouse inventory because the policy permitting the inventory is unconstitutionally broad. The state concedes the error. We agree that the trial court erred. Thus, we accept the state's concession, and reverse and remand.
Defendant was arrested on an outstanding warrant and transported to the Coos County Jail. At the jail, a corrections officer conducted a search of defendant's purse pursuant to the jail's inventory policy and found methamphetamine. Defendant filed a motion to suppress the evidence discovered in the inventory, arguing that the Coos County Jail's policy was unconstitutionally overbroad with respect to opening containers because it required a search of all closed containers.[1] The trial court denied defendant's motion, concluding that the policy was constitutional because it gave the deputy no discretion regarding the search of a purse. On appeal, the state concedes that the trial court erred.
An administrative inventory of a person's property is a valid exception to the warrant requirement for searches under Article I, section 9, of the Oregon Constitution, if the inventory meets several conditions. State v. Hite , 266 Or. App. 710, 719, 338 P.3d 803 (2014). One of those conditions is that "[t]he scope of the inventory must be reasonable in relation to its purpose." Id. at 719-20, 338 P.3d 803 (internal quotation marks omitted). "In serving the purposes of the inventory, the authorizing policy must not permit police to indiscriminately rummage through closed containers." Id. (internal quotation marks omitted). Although there is an exception to that general rule for "containers that are designed to or likely to contain items,"
id="p1197" href="#p1197" data-label="1197" data-citation-index="1" class="page-label">*1197id. , an inventory policy is unconstitutionally *351 overbroad if it "requires officers to open and inventory closed containers that are not designed to contain or objectively likely to contain valuables or even dangerous items." Id. at 724, 338 P.3d 803.
Here, the inventory policy requires officers to search all closed containers "for weapons, explosives, or any other unacceptable items." Because that policy requires officers to open all closed containers, it is impermissibly overbroad and, thus, the inventory search of defendant's purse conducted pursuant to that policy violated Article I, section 9. Accordingly, we agree with and accept the state's concession that the trial court erred in denying defendant's suppression motion.
Reversed and remanded.

The Coos County Jail inventory policy provides, in part:
"C. Containers-All containers must be searched by a Corrections Deputy even if they are locked to screen for weapons, explosives, or any other unacceptable items before being stored. Closed containers may also be searched for proof of identification, cash and other valuable items the inmate may be in possession of. The insides of matchbooks, cigarette lighters, cigarette packages, chapstick, makeup compacts, wallets, purses, non-prescription drug containers and other closed containers shall be thoroughly examined."